VERMONT SUPERIOR COURT
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

ENVIRONMENTAL DIVISION
Docket No. 25-ENV-00114



| | |
|---|---|
| **34 Northfield Drive Site Plan and Conditional Use Application** | **MERITS DECISION** |

This matter involves an on-the-record appeal from the Town of Springfield (Town) Development Review Board (DRB)'s decision granting, with conditions, an application by David Sharpe, owner of Sharpe and Sons, LLC (together, Appellant) for a Home Business permit for property located at 34 Northfield Drive, Springfield, Vermont (the Property). A Home Business permit requires both conditional use and site plan approval under the Town's zoning regulations.

In this matter, Appellant is represented by Bert C. Whidden, Esq. The Town is represented by Stephen S. Ankuda, Esq. Interested parties Michael Petraccione and Howard Ryan are representing themselves.

## Legal Standard

This is an on-the-record appeal. Thus, the Court considers only the decision below, the record made before the municipal panel, and the briefs submitted by the parties.[1] In re Saman ROW Approval, No. 176-10-10 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Sept. 2, 2011) (Durkin, J.). On appeal, we do not take new evidence or make our own factual determinations. The Court instead reviews the municipal panel's factual findings to determine whether the decision below "explicitly and concisely restate[s] the underlying facts that support the decision." See 24 V.S.A. § 1209(a)-(b).

The Court will only affirm factual findings if they are supported by substantial evidence in the record below. See In re Stowe Highlands Resort PUD to PRD Application, 2009 VT 76, ¶ 7, 186 Vt.

---

[1] In this case, for various reasons, the Town did not promptly provide the Court with a copy of the record on appeal, nor was a transcript of the local proceedings produced. The Court ultimately granted Appellant's motion to accept its Exhibits 1-6 as the record on appeal. Thereafter, the Court granted a motion by the Town requesting that the Court listen to a recording of the hearing available on the Town's website in lieu of creating a transcript. The Town did file a copy of the Springfield Land Use Development Ordinance 2022-2 with the Court. We have reviewed all of these materials in connection with this merits decision.

586.  The Court does not assess the credibility of witness testimony or reweigh conflicting evidence in the record.  See Devers-Scott v. Off. Of Prof'l Regulation, 2007 VT 4, ¶ 6, 181 Vt. 248.  Instead, the Court simply looks to whether the record includes relevant evidence that a "reasonable person could accept . . . as adequate" support for the factual findings."  Id. (quoting Braun v. Bd. of Dental Exam'rs, 167 Vt. 110, 114 (1997)).  In an on-the-record appeal such as this, the Court reviews legal determinations *de novo*.  In re P&R Assoc., LLC, No. 74-6-12 Vtec, slip op. at 3–4 (Vt. Super. Ct. Envtl. Div. Feb. 1, 2013) (Walsh, J.).  Our review is additionally limited to those issues raised in Applicant's (here, the Appellant's) Statement of Questions.  See V.R.E.C.P. 5(f).

## Statement of Questions

Appellant poses three Questions in his Statement of Questions.  They ask:

1.  Whether the Town of Springfield was correct in requiring the appellant to apply for a change of use on his property from home occupation to home business?

2.  If the answer to Question 1 is yes, then the second question is whether the Town of Springfield Development Review Board has authority to restrict parking on the premises to only the driveway of the appellant's private property as part of a home business application in the absence of a town bylaw or ordinance prescribing the same?

3.  If the answer to Question 1 is yes, then the third question is whether the Town of Springfield Development Review Board has authority to require the appellant to remove the dumpster service and force the appellant to use trash bins as part of a home business application in the absence of evidence and in the absence of a town bylaw or ordinance prescribing the same?

## Factual Background

The owners of the Property are David and Teri Sharpe.  Appellant owns and operates a business called "Sharpe and Sons Electric, LLC" under a previously granted Home Occupation permit.  The property contains .5 acres, is developed with a single-family residence, and is located in the Medium Density Residential zoning district.  Single family homes are a permitted use in this district and a Home Occupation, as defined in §30-6, is an exempt land use.  By contrast, a Home Business permit requires site plan and conditional use approval grounded in criteria found in § 30-596 of the Town of Springfield Land Use Development Ordinance (Ordinance).  The Property lies in a subdivision consisting of single-family homes on parcels of under 1 acre.  Prior to the commencement of this appeal, the Town Zoning Administrator informed Appellant that his business exceeded the

2

limits of a Home Occupation permit, and that a Home Business permit would be required to continue operating.[2]

Specifically, by letter dated August 19, 2025, the Town's Zoning Administrator wrote to Mr. Sharpe stating, in part, "I need you to work with me to obtain a Home Business permit to continue operating at your 34 Northfield Drive property." Appellant's Exhibit 2, at 5. The letter further provides:

> You have operated here for years and we have processed various inquiries and complaints during this time. While I have been sensitive to those complaints, I would drive by to conduct a windshield survey and did not feel you were operating in a manner that made this a priority violation.

> Over the last several weeks, I have personally observed the property and how it is used. I can better appreciate how the business impacts the Northfield Drive neighborhood. Having misunderstood the magnitude of the business in the context of the neighborhood, I must stand corrected. I now feel it warrants a home business permit.

Id. In other words, the Zoning Administrator determined, as stated in his August 19 letter, that Appellant's business had exceeded the regulatory/statutory restrictions on a Home Occupation, and that a Home Business permit was now required.

Appellant did not appeal the August 19 letter to the DRB. Instead, on or about September 26, 2025, he filed an application for a Home Business permit. The DRB held a duly warned public hearing on the application on October 14, 2025. The application and testimony at the hearing indicate that Appellant operates from 8:00 a.m. to 5:00 p.m. on weekdays and only operates on weekends during emergencies or high-demand periods. Electrical work takes place at the specific residential or commercial property related to that job, not at the Property. The Property primarily serves as a staging area for the storage and organization of service vehicles. The business currently has three employees, one of whom resides at the Property. Appellant has requested permission for three additional employees to accommodate future growth.

---

[2] Section 30-597 (Home Occupation) of the Ordinance expressly provides: "Home occupations, as defined in section 30-6, shall be allowed in residential districts without a zoning permit, provided the occupation is carried on by a resident property owner(s) and that the occupation does not have an undue adverse impact on the character of the area. A home occupation that grows to exceed these restrictions shall require a permit as a home business." Read together, § 30-6 and § 30-597 are generally consistent with 24 V.S.A. § 4412(4), which states "(4) Protection of home occupations. No bylaw may infringe upon the right of any resident to use a minor portion of a dwelling unit for an occupation that is customary in residential areas and that does not have an undue adverse effect upon the character of the residential area in which the dwelling is located."

The arrival and departure of these employees generate the vast majority of the traffic related to the Home Business, which is a maximum of ten total trips six days per week. The Home Business receives deliveries at a similar frequency to other residents of the neighborhood. The Property has a standard residential driveway that supports parking for the residential and service vehicles. However, the front lawn is regularly used to park additional service vehicles, as shown by drone photographs accompanying the application. The Home Business also uses a dumpster situated near the public road, and within the public right-of-way, for waste disposal. Abutting property owners claim the dumpster generates odors, and when the dumpster is emptied, the noise creates a disturbance.

The DRB, by decision dated October 17, 2025, granted Appellant's Home Business permit with conditions, including that he park all vehicles on the driveway and remove the dumpster. Appellant objects to the parking and dumpster conditions and timely appealed to this Court. He raises three issues on appeal, as set forth above.

## Discussion

### I. Question 1

We address Appellant's initial threshold question first. The Court finds this question to be outside the scope of our jurisdiction under the circumstances of this case, and therefore it must be **DISMISSED**.

Question 1 asks the Court to evaluate whether the Town was correct in requiring Appellant to apply for a change of use on his property from Home Occupation to Home Business. That issue, however, was not properly raised before the DRB, which considered only Appellant's Home Business application, nor is it properly before this Court on appeal. Indeed, as explained below, the Court lacks subject matter jurisdiction to address it.

24 V.S.A. § 4465(a) permits an interested person to appeal "any decision or act taken by the administrative officer in any municipality" to an appropriate municipal panel within 15 days of the date of that decision or act. Once the municipal panel has rendered a decision, that decision may be appealed to this Court through a notice of appeal filed within 30 days. 24 V.S.A. § 4472(a) further provides that an appeal to this Court following an appeal to the appropriate municipal panel represents "the exclusive remedy of an interested person with respect to any decision or act taken, or any failure to act, under [Chapter 117 of Title 24] or with respect to any one or more of the provisions of any plan or bylaw . . . ." 24 V.S.A. § 4472(a). Importantly, in the absence of a timely appeal, decisions of the administrative officer or board become final. 24 V.S.A. § 4472(d). The Vermont Supreme Court has repeatedly affirmed that the language of § 4472(d) evinces a clear "legislative intent 'to prevent

4

any kind of collateral attack on a zoning decision that has not been properly appealed through the mechanisms provided by the municipal planning and zoning statutes.'" In re Hopkins Cert. of Compliance, 2020 VT 47, ¶ 8 (quoting City of S. Burlington v. Dep't of Corr., 171 Vt. 587, 588–89 (2000) (mem.) (emphasis in original). This is true even when the original decision was ultra vires, and thus void ab initio. Id. at ¶ 10.

In this case, it is undisputed that Appellant received a letter from the Town's Zoning Administrator stating, "I need you to work with me to obtain a Home Business permit to continue operating at your 34 Northfield Drive property." Appellant's Exhibit 2, at 5. The letter further provides that although the Town Zoning Administrator previously felt that Appellant "was not operating in a manner that made this a priority violation," his opinion had changed, and he felt that the business, as presently operated, warranted a Home Business permit.[3] Id. Putting aside the fact that the Zoning Administrator does not have the discretion to choose whether to enforce zoning violations, this letter represents a "decision or act taken by the administrative officer" that Appellant could have and should have challenged to the DRB if he did not agree with it. 24 V.S.A. § 4465(a); See In re Fairchild, 159 Vt. 125, 130 (1995) (holding that administrative officer has no discretion as to whether to enforce zoning regulations). This letter was dated August 19, 2025. Once the prescribed 15-day appeal period passed, this decision became final and binding under § 4472(d). This is true even if the Zoning Administrator's determination—i.e., that Appellant needed a home business permit to continue operating—was ultra vires or otherwise unenforceable.

As noted above, Appellant did not appeal the August 19 letter to the DRB; instead, he filed an application for a Home Business permit on September 26, 2025.[4] The DRB approved Appellant's Home Business permit with conditions on October 17, 2025, which Appellant timely appealed to this Court. That approval incorporated as part of its findings of fact that "The Administrator informed the Applicant that the business exceeds the limitations of a Home Occupation and that a Home Business permit is required." Appellant's Exhibit 5 at 1. This does not constitute an independent reaffirmation of the Zoning Administrator's determination. Rather, it reflects a summary of the

---

[3] The Zoning Administrator's letter also enclosed a copy of § 30-595 (Home Business) from the Ordinance and a sample Home Business application.

[4] The Court understands that Appellant was attempting to cooperate with the Zoning Administrator's request in submitting a Home Business application rather than (potentially) challenging the determination that such an application was required. Nonetheless, the law requires that Appellant timely appeal a determination by the Zoning Administrator if aggrieved by it. The legal consequence of failure to appeal, as discussed above, is that the Zoning Administrator's decision—whether correct or incorrect, valid or invalid—becomes final. 24 V.S.A. § 4472(d).

conditions that led Appellant to apply for a Home Business permit without comment on whether the statement was correct. In other words, the passing of the appeal period changed the scope of the decision that could be challenged by Appellant. The first appealable decision was that Appellant needed a Home Business permit to continue operating and/or that his business had grown beyond the scope of his authorized Home Occupation. This decision became final on September 3, 2025. The second appealable decision was that Appellant's application met the requirements to receive a Home Business permit, subject to conditions. As such, this appeal represents the wrong avenue to challenge the Zoning Administrator's original determination. Because that decision is final and binding under § 4472(d), it lies outside this Court's subject matter jurisdiction. Therefore, the Court cannot render a decision on Appellant's Question 1, and that Question must be **DISMISSED**.

## II. **Questions 2 & 3**

Appellant frames the answers to Questions 2 and 3 as contingent upon an affirmative answer to Question 1. The Court could dismiss these Questions as phrased because it lacks jurisdiction over Question 1 and thus cannot provide an affirmative answer. Instead, the Court elects to reframe Questions 2 and 3 without their introductory clauses. See Capitol Plaza 2-Lot Subdivision, Nos. 3-1-19 Vtec, 4-1-19 Vtec, slip. op. at 6–8 (Vt. Super. Ct. Envtl. Div. February 4, 2020) (Walsh, J.) (construing appellants' statement of questions to remove language creating ambiguity).

24 V.S.A. § 4464(b)(2) provides that in rendering a decision on a development application, the appropriate municipal panel "may attach additional reasonable conditions and safeguards as it deems necessary to implement the purposes of this chapter and the pertinent bylaws and the municipal plan then in effect." 24 V.S.A. § 4464(b)(2). This statute establishes a Town's general authority to attach conditions to an application to ensure compliance with municipal regulations such as the Ordinance. See Mahaiwe, LLC Site Plan and Conditional Use Approval, No. 121-10-16 Vtec, slip. op. at 5–6, (Vt. Super. Ct. Envtl. Div. May 10, 2018) (Durkin, J.) (noting that the municipal power to regulate zoning has been read broadly by the Vermont Supreme Court and finding that attachment of conditions does not violate Dillon's Rule). More specifically, 24 V.S.A. §§ 4414 and 4416 allow municipalities to impose certain conditions via conditional use and site plan review. Section 4414(2), by its reference to "subchapter 10 of this chapter," authorizes the appropriate municipal panel for a municipality that has adopted conditional use zoning, like Springfield, to impose conditions to ensure a project does not have an undue adverse impact on the general and specific conditional use criteria. These include "the character of the area affected, as defined by the purpose or purposes of the zoning district in which the project is located," "traffic on roads and highways in the vicinity," and "bylaws and

6

ordinances then in effect." 24 V.S.A. § 4414(3); 24 V.S.A. §§ 4460–4464. Similarly, § 4416, gives an appropriate municipal panel express authority to set "appropriate conditions and safeguards with respect to the adequacy of parking, traffic access, and circulation for pedestrians and vehicles . . . and other matters specified in the bylaws" through the process of site plan review.

Turning to the language of the Ordinance itself, §§ 30-722 ("Site plan review standards and procedures") and 30-723 ("Conditional use standards and procedures") clearly give the Town DRB authority to impose certain conditions related to parking and waste disposal through these avenues of review. Subsection (d) of § 30-722, "General Standards," states that "[t]he Development Review Board may consider and impose appropriate safeguards, modifications and conditions" related to specified areas. Subsection (b) of § 30-723 states "[i]n approving a project with conditions, the Development Review Board may require specific modification to the scale, layout and/or design of the project, or place restrictions on its operation and/or intensity to ensure compliance with this section. Further, subsection (d) of § 30-723 states that conditional use approval may only be granted if the DRB finds a proposed use or structure would not have an "undue adverse effect" on specified areas.[5] In addition, subsection (g) of § 30-723 provides that "[a]dditional specific conditions may be imposed by the Development Review Board."

The Court finds that the Town DRB had authority to impose conditions on Appellant's Home Business permit relative to both Questions and that those conditions were supported by evidence in the record. Regarding Question 2, the authority to impose parking conditions exists in § 30-722(d)(2) and § 30-723(d)(2)–(3), which derive their authority from 24 V.S.A. § 4416(a) and § 4417(3)(a). Similarly, the authority to impose conditions related to outdoor storage of waste can be found at § 30-722(d)(7) ("If the Development Review Board approves outdoor storage [of trash], it may place conditions on the area and location of such storage"), as well as § 30-723(d)(2) and (e)(1)-(2). The drone photographs accompanying Appellant's application show parked vehicles are clearly visible from off-site. Testimony from Neighbors at the DRB hearing established that the use of the Property as a Home Business has a potential undue adverse effect on the character of the area through the visibility of several parked service vehicles on the Property's front lawn, as well as traffic generated by employees arriving and departing from the Property. Moreover, when Appellant was asked directly

---

[5] By definition, "conditional use" zoning authorizes the DRB to consider whether a proposed use, identified in the regulations as a conditional use, conforms to the statutory general conditional use standards and any specific standards that the municipality may adopt and, if not, authorizes the DRB to impose conditions to ensure the project conforms with applicable standards and criteria and avoids an undue adverse effect. That is precisely what § 30-723 of the Ordinance, through its various provisions, does.

at the DRB hearing whether he felt that a condition allowing for no more than two personal vehicles and two service vehicles parked in the Property's driveway would be adequate for his needs, he responded that it would.

No party disputed at the DRB hearing that Appellant's dumpster lies within the Town's right of way. Aside from the explicit authority to condition outdoor storage of trash provided in the Ordinance, testimony at the hearing also established the dumpster has a potential undue adverse effect on the residential character of the area through odors and noise generated when the dumpster is emptied. Although the DRB's decision is correct that Appellant cannot control the timing of trash pickup, the Town was within its authority to require Appellant to use "totes" stored in the garage rather than a highly visible, street-side dumpster for waste disposal.

Thus, regarding both the parking and dumpster issues, the DRB appropriately imposed conditions to ensure that any adverse impact from the Home Business would not become undue or have other negative impacts on the neighborhood under the relevant conditional use and site plan review criteria, and it had the authority to do so.

For the reasons set forth above, the Court **DISMISSES** Appellant's first Question and answers the remaining questions in the affirmative. Therefore, the DRB's decision must be **AFFIRMED**. This concludes the matter before the Court. A Judgment Order accompanies this decision.

Electronically signed on July 6, 2026, pursuant to V.R.E.F. 9(d).

Joseph S. McLean
Superior Court Judge
Environmental Division